*530 TEXTO COMPLETO DE LA SENTENCIA
El 28 de abril de 2004, Brasas Latin Grill & Bar, Inc. y Yukiyu San Patricio, Inc. (en adelante, "los peticionarios”) presentaron recurso de certiorari en el que solicitaron la revocación de la Orden emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, el TPI), el 8 de marzo de 2004, notificada el 29 de marzo de 2004. Mediante la misma, el TPI ordenó lo siguiente: “a la parte interventora Brasas Latin Grill & Bar, Inc., a pagar contra el crédito de Luis Bevilacqua y Restaurante Yukiyu que posee con Brasas Latín Grill & Bar, Inc. en virtud del contrato entre las partes hasta el límite de la deuda de diecisiete mil cuatrocientos cincuenta y dos dólares con ochenta y tres centavos ($17,452.83), más cinco mil dólares ($5,000.00) en concepto de honorarios de abogados y los intereses acumulados por Sentencia al nueve punto cinco por ciento (9.5%) que se calculan al presente en siete mil setecientos veintiséis dólares con treinta y dos centavos ($7,726.32) para un total de treinta mil ciento setenta y nueve dólares con quince centavos ($30,179.15). La parte interventora, si está en posesión de los bienes de los demandados originales y éstos exceden de la cantidad de cien mil dólares ($100,000.00), deberá vender éstos y satisfacer la cuantía líquida a la parte demandante, o sea, vendiendo los bienes que alega que posee del demandado original o mediante el depósito de cincuenta mil dólares ($50,000.00) en aceleramiento por deudas que surge del contrato entre la parte interventora o si es que existe fianza, depositada hasta la cuantía del total adeudado hasta el presente. Se le concede el término de diez (10) días a la parte demandada para que cumpla con el pago de la Sentencia, los intereses y los honorarios adeudados para un total de treinta mil ciento setenta y nueve dólares con quince centavos ($30,179.15).”
A continuación expondremos el trasfondo fáctico y procesal del caso.
I
El 22 de junio de 2000, la recurrida presentó demanda en cobro de dinero contra Luis Bevilacqua, Restaurante El Yukiyu, Inc., Restaurante X, Y, Z, y Compañías Aseguradoras X, Y, Z. Alegó que el co-demandado Luis Bevilacqua adquiiió a través del co-demandado Restaurante El Yukiyu, Inc. materiales de construcción por la cantidad de veintisiete mil dólares cuatrocientos cincuenta y dos dólares con ochenta y tres centavos ($27,452.83) y que no había pagado. Sostuvo que la deuda era líquida, exigible y que había acumulado intereses. 
Luego de varios incidentes procesales interlocutorios, el 15 de junio de 2001, la recurrida presentó Moción Solicitando Demanda Enmendada. Señaló que era necesario enmendar la demanda a los fines de corregir la cuantía adeudada por la cantidad de diecisiete mil cuatrocientos cincuenta y dos dólares con ochenta y tres centavos ($17,452.83) y solicitar los intereses desde el momento que se adeudaba dicha cantidad. A tales efectos, la recurrida presentó la demanda enmendada correspondiente.
El 24 de octubre de 2001, notificada el 30 de octubre de 2004, el TPI emitió Sentencia en la que formuló las siguientes determinaciones de hechos:

*531
“1. El Sr. Luis Bevilacqua compró unos materiales de construcción en la Ferretería Hermanos Sánchez.

2. Esos materiales se entregaron en el Restaurante Yukiyu.

3. Los materiales adquiridos se desglosaron en el Exhibit I; facturación de la empresa con los materiales identificados mediante 158 folios.

4. Doña Jessica Rodríguez Santana acreditó los pagos parciales de cheques girados por el Sr. Luis Bevilacqua (Exhibit III) a facturas anteriores de compras hechas por él.

5. El abogado del demandado le solicitó a Doña Jessica Rodríguez un plan de pago para saldar el balance de la deuda de tres (3) pagos parciales de CINCO MIL OCHOCIENTOS DIECISIETE DOLARES (SIC) CON SESENTA Y UN CENTAVOS ($5,817.61) vencederos en octubre 4, noviembre 4 de 1999 para el total adeudado de DIECISIETE MIL CUATROCIENTOS CINCUENTA Y DOS DOLARES (SIC) CON OCHENTA Y TRES CENTAVOS ($17,452.83). No cumplieron con ese plan de pago.

6. La deuda asciende a DIECISIETE MIL CUATROCIENTOS CINCUENTA Y DOS DOLARES (SIC) CON OCHENTA Y TRES CENTAVOS ($17,452.83).

7. Las compras fueron hechas por el Sr. Luis Bevilacqua, cargadas a su cuenta y entregadas conforme a sus instrucciones. ”

A tenor con lo anterior, el TPI declaró “con lugar” la demanda presentada por la recurrida. Ordenó a Luis Bevilacqua y al Restaurante El Yukiyu a pagar solidariamente la cantidad de diecisiete mil cuatrocientos cincuenta y dos dólares con ochenta y tres centavos ($17,452.83) más los intereses legales al nueve punto cinco por ciento (9.5%) desde la fecha de la presentación de la demanda, las costas, y cinco mil dólares ($5,000.00) por concepto de honorarios de abogados. 
El 9 de octubre de 2001, Luis Bevilacqua y Restaurante El Yukiyu, Inc. presentaron Moción de Reconsideración ante el TPI.
Posteriormente, el 29 de noviembre de 2001, Luis Bevilacqua y Restaurante El Yukiyu, Inc. presentaron recurso de apelación, caso núm. KLAN-2000-01186, ante este Tribunal. En esencia, solicitaron el relevo de la sentencia en rebeldía que el TPI emitió en su contra.
El 30 de abril de 2002, notificada el 9 de mayo de 2002, este Tribunal emitió sentencia en el caso. Señaló que de los autos surgía que hubo falta de diligencia por parte de Luis Bevilacqua y Restaurante El Yukiyu, Inc. en la tramitación del caso. Además, señaló que el TPI había recibido prueba de que existía una deuda, que la deuda no fue pagada a pesar de haber sido reconocida por Luis Bevilacqua y Restaurante El Yukiyu, Inc. y que la deuda era exigible. Así, concluyó que no erró el TPI al declarar con lugar la demanda en cobro de dinero presentada por la recurrida y condenar a Luis Bevilacqua y Restaurante El Yukiyu, Inc. al pago de la cantidad adeudada más costas, intereses y honorarios de abogado.
II
Así las cosas, el 8 de agosto de 2002, la recurrida presentó Moción en Solicitud de Orden ante el TPI. Alegó que, el 24 de octubre de 2001, dicho foro había emitido sentencia contra Luis Bevilacqua y el Restaurante Yukiyu, Inc. y que éstos aún no habían pagado. Solicitó que se expidieran orden de embargo y mandamiento de embargo contra los bienes poseídos por Luis Bevilacqua y el Restaurante Yukiyu, Inc.
En esa misma fecha, 8 de agosto de 2002, la recurrida presentó Moción Solicitando Ejecución de Sentencia. *532 En lo pertinente, señaló que la suma que se había condenado a pagar solidariamente a Luis Bevilacqua y al Restaurante El Yukiyu había acumulado tres mil setecientos treinta y tres dólares con setenta y tres centavos ($3,733.70) en intereses. Dicha cantidad sumada a la cantidad adeudada de diecisiete mil cuatrocientos cincuenta y dos dólares con ochenta y tres centavos ($17,452.83), ascendía a veintiún mil ciento ochenta y seis dólares con cincuenta y tres centavos ($21,186.53) más cinco mil dólares ($5,000.00) por concepto de honorarios de abogados. Añadió, que le había requerido a Luis Bevilacqua y el Restaurante Yuldyu, Inc. el pago de lo adeudado; sin embargo, aún no habían satisfecho el mismo. Señaló que Luis Bevilacqua y el Restaurante Yukiyu, Inc. poseían bienes y rentas y hacían negocios, por lo que devengaban ingresos y tenían propiedades lo que les permitía cumplir con los términos de la sentencia. A la luz de lo anterior, solicitó que se expidiera orden de embargo y mandamiento de ejecución, sin necesidad de prestar fianza, por existir una sentencia final y firme.
De otra parte, la recurrida presentó Señalamiento de Bienes ante el TPI. A tal efecto, señaló que Luis Bevilacqua y el Restaurante Yuldyu, Inc. eran dueños de los siguientes bienes:

“Bienes personales y/o corporativos incluyendo efectivo en cajas registradoras, todo tipo de equipo electrónico entre ellos: computadoras, programa de computadoras, monitores, fax, contestador telefónico, nevera, microonda, equipo estereofónico, radios, componentes, televisores, video caseteras, impresoras de todo tipo, plantas eléctricas, aire acondicionados, consola, cámaras de video, cámaras fotográficas, sillas mesas, muebles y vineras.

Bienes personales y/o corporativos incluyendo prendas, relojes, pulseras, sortijas, pantallas, cadenas, obras de arte, esculturas, cuadros, antigüedades y todo tipo de colecciones.

Bienes personales y/o corporativo incluyendo todo dinero en efectivo, cheque, giro postal, cuentas a cobrar y sellos postales, certificado de depósitos, certificado de ahorro, acciones, bonos.

Bienes personales y/o corporativos incluyendo todo inmobiliario de oficina y casa y entre ellos: escritorios, sillas, butacas, credenzas, mesas, archivos.

Todos los bienes personales y/o corporativos antes mencionados que se encuentren en las siguientes direcciones:

a. Eurobank

San Francisco Branch

Río Piedras, PR

1. Cuenta#02-12-003270

2. Cuenta#02-14-002060

3. Cuenta#02-14-003282

b. Restaurante El Yukiyu, Inc.

Recinto Sur 311

Viejo San Juan, PR 00901

c. Restaurante El Yukiyu, Inc.

Calle Ortega, Esquina Tabonuco

Local #3, San Patricio

Guaynabo, PR

*533
d. Restaurante Yukiyu Inc.

Banco Popular, Local #22

Hato Rey, PR

e. Luis Bevilacqua

Calle CD-13

Mansiones de Villanova

Río Piedras, PR 00926”

El 16 de septiembre de 2004, notificada el 15 de octubre de 2004, el TPI emitió Orden en la que resolvió “como se pide” a la “Moción en Solicitud de Orden” y a la “Moción Solicitando Ejecución De Sentencia” presentada por la recurrida.
Así las cosas, el 16 de septiembre de 2002, notificada el 15 de octubre de 2002, el TPI emitió Orden en la que ordenó a la Secretaría del Tribunal que expidiera el correspondiente “Mandamiento de Ejecución de Sentencia”, para que se procediera a diligenciar el mismo en los bienes de Luis Bevilacqua y-el Restaurante El Yukiyu, Inc.
De los autos originales surge que el 31 de octubre de 2002, el Alguacil procedió a diligenciar el mandamiento de ejecución de sentencia. A tal efecto se personó a las instituciones bancarias Eurobank y Doral Financial Corp. en donde le indicaron que las cuentas bancarias de Luis Bevilacqua habían sido declaradas en sobregiro o con un balance de cero dólares. Así las cosas, el Alguacil se personó al Restaurante Yukiyu localizado en San Patricio, en donde incautó la cantidad de cuatrocientos setenta y cuatro dólares con veinte centavos ($474.20). Luego se dirigió al Restaurante Yukiyu ubicado en el viejo San Juan donde retuvo la cantidad de ochenta seis dólares con setenta y tres centavos ($86.73). El 1ro y 4 de noviembre de 2002, el Alguacil continuó embargando bienes en el Restaurante Yukiyu en San Patricio. No obstante, luego de terminado el diligenciamiento del embargo, Héctor Engel, dueño del Restaurante Yukiyu San Patricio, le entregó un cheque al Alguacil por el balance que restaba por embargar, es decir, por la cantidad de diecisiete mil ciento veinticinco dólares con setenta centavos ($17,125.60).
III
El 4 de noviembre de 2002, los peticionarios presentaron “Solicitud de Levantamiento de Embargo o Reducción de embargo y Entredicho Provisional”. Expusieron que Yukiyu San Patricio, Inc. era una corporación autorizada a hacer negocios en el Estado Libre Asociado de Puerto Rico y había sido incorporada en septiembre de 2002. Mientras que Brasas Latín Grill & Bar, Inc. era una corporación autorizada a hacer negocios en el Estado Libre Asociado de Puerto Rico desde el año 2000.
Señalaron que el 9 de julio de 2001, Brasas Latin Grill & Bar, Inc., representado por Héctor Rivera y George Engel Cóndor, suscribió un Contrato de Compraventa con Luis Bevilacqua mediante el cual adquirió el derecho a utilizar el nombre registrado del Restaurante Yukiyu y algunos de los bienes propiedad de Luis Bevilacqua. También, señalaron que las partes habían acordado que el precio de venta de los activos sería de seiscientos setenta y cinco mil dólares ($675,000.00), de los cuales los compradores pagarían la cantidad de setenta y cinco mil dólares ($75,000.00) y el remanente de la deuda sería pagado a plazos por el término de sesenta (60) meses. 
Por otro lado, los peticionarios plantearon, en lo pertinente, que a pesar de no haber sido incluidos en el pleito en contra de Luis Bevilacqua y el Restaurante El Yukiyu, Inc., un representante de la recurrida junto con los alguaciles, acudió a los establecimientos que estaban operando, confiscaron unos dineros y clausuraron los restaurantes de forma ilegal a sabiendas de que dichos restaurantes no le pertenecían a Luis Bevilacqua y al Restaurante El Yukiyu, Inc. Añadieron que la recurrida tenía conocimiento, antes de ejecutar la orden de *534 embargo, que Luis Bevilacqua había vendido algunos de sus bienes a cambio de un precio razonable y que los bienes embargados eran de la propiedad de un tercero que no había sido incluido en el pleito.
Así pues, los peticionarios solicitaron que se relevara del embargo a aquella propiedad que no forma parte de los bienes de Luis Bevilacqua y el Restaurante El Yukiyu Inc. Además, solicitaron que se emitiera una orden de entredicho provisional en la que se les permitiera reanudar las operaciones de los restaurantes bajo el nombre Yukiyu que eran de su propiedad y se le ordenara a la recurrida desistir de cualquier embargo contra sus bienes. En el caso de que los remedios anteriores fueran declarados sin lugar, solicitaron, en la alternativa, una reducción del embargo contra el Restaurante Yukiyu, propiedad de la corporación Yukiyu San Patricio, Inc. y que se obligara a la recurrida a pagar la cantidad de tres mil dólares ($3,000.00) por concepto de honorarios de abogados. 
De otra parte, en esa misma fecha, 4 de noviembre de 2002, Luis Bevilacqua y el Restaurante El Yukiyu, Inc. presentaron “Moción Urgente al Amparo de la Regla 56.5 de las de Procedimiento Civil Solicitando Modificación de Orden de Embargo”. En lo pertinente, solicitaron que se anulara la orden de embargo emitida a los fines de que se liberara a Brasas Latin Grill & Bar, Inc., tercero inocente que no tenía relación alguna con la demanda en cobro de dinero, y se dirigiera el embargo contra la deuda por cobrar existente a favor de Luis Bevilacqua por la venta de algunos de los activos del Restaurante Yukiyu, Inc. hasta la totalidad de la suma adeudada.
El 5 de noviembre de 2002, los peticionarios presentaron “Moción Informativa E Incluyendo Documentos, Solicitud de Remedio”. En lo pertinente, señalaron que el mandamiento de ejecución de sentencia hacía referencia a “terceras personas” en cuanto a los únicos fines de que se embarguen aquellos fondos que éstas adeudaran a Luis Bevilacqua y el Restaurante El Yukiyu, Inc., por lo que se debían depositar dichos fondos en la Secretaría del Tribunal. A tenor con lo anterior, indicaron que el embargo no incluia los bienes de terceras personas.
En esa misma fecha, el 5 de noviembre de 2002, los peticionarios presentaron “Fianza Para Levantar Embargo”, por la cantidad de veintiséis mil ciento ochenta y cinco dólares con ochenta y tres centavos ($26,185.83).
El 6 de noviembre de 2002, los peticionarios presentaron “Moción Urgente Solicitando Orden de Sustitución de Bienes Embargados”. En lo pertinente, señalaron que se habían embargado bienes que eran esenciales para las operaciones del negocio, lo que causó daños indeterminados, pues no habían podido reanudar sus actividades.
Mediante Orden de 6 de noviembre de 2002, notificada el 7 de noviembre de 2002, el TPI dispuso lo siguiente:

“1. SOLICITUD LEVANTAMIENTO O REDUCCION (sic) DE EMBARGO Y ENTREDICHO PROV.: VEASE (sic) ORDEN DE ESTA FECHA.

2. MOCION (sic) URGENTE AL AMPARO DE LA REGLA 56.5 DE LAS DE PROCEDIMIENTO: VEASE (sic) ORDE(sic) DE ESTA FECHA.

3. MOCION (sic) INFORMATIVA E INCLUYENDO DOCUMENTOS SOLICITUD DE REMEDIO: VEASE (sic) ORDE (sic) DE ESTA FECHA.

*535 5. MOCION (sic) URGENTE SOL. ORDEN DE SUSTITUCIÓN (sic) DE BIENES EMBARGADOS: HA LUGAR, SEÑALESE VISTA SOBRE ARGUMENTACION (sic) PARA EL 19 DE DICIEMBRE, 9:00 AM.” 
De los autos originales surge que, el 8 de noviembre de 2002, el Alguacil procedió a cumplir con una orden de levantamiento de embargo, por lo que se devolvieron los bienes embargados pertenecientes a Yukiyu San Patricio, Inc.
Transcurridos varios trámites procesales interlocutorios, el 28 de abril de 2003, la recurrida presentó Solicitud de Sentencia Sumaria. En síntesis, señaló que Brasas Latin Grill & Bar, Inc. había comprado el Restaurante Yukiyu, Inc. el 9 de julio de 2001, es decir, con posterioridad a la fecha en que se instó la demanda en cobro de dinero contra Luis Bevilacqua y El Restaurante Yukiyu, Inc. Añadió, que el contrato de compraventa fue notarizado el 19 de octubre de 2001, es decir, cinco (5) días antes de que el TPI emitiera sentencia declarando “con lugar” la demanda en cobro de dinero y ordenando el pago por la cantidad adeudada. Por otro lado, sostuvo que el contrato de compraventa especificaba que ninguno de los activos que era objeto de la venta tenían un balance de pago a tercero como tampoco habían sido utilizados como garantía de ninguna deuda pendiente de Luis Bevilacqua. Sostuvo, además, que el aludido contrato en la cláusula segunda disponía que Brasas Latin Grill & Bar, Inc. retendría la cantidad de cincuenta mil dólares ($50,000), de la suma adeudada a Luis Bevilacqua, para pagar cualquier certificación o deuda que surgiera por parte de Luis Bevilacqua. Por lo que solicitó al TPI que ordenara a los peticionarios lo siguiente:

“(c)... a pagar contra el crédito que Luis Bevilacqua y Restaurantes Yukiyu, tiene con Brasas Latin Grill hasta el límite de la deuda o sea veintiséis mil quinientos noventa y siete con ochenta y cinco ($26,597.85) dólares (sic) hasta el presente, en su día de pago; o

(d) al depósito de cincuenta mil ($50,000.00) dólares en aseguramiento de deudas por pagar, que según el contrato de compraventa realizado entre Luis Bevilacqua y Brasas Latin Grill y se apartó en aseguramiento de certificación o deudas del vendedor.” 

El 28 de mayo de 2003, los peticionarios presentaron Contestación y Solicitud de Sentencia Sumaria. En lo pertinente, señalaron que solamente existía una similitud en cuanto al nombre de los restaurantes que éstos poseían y aquéllos que eran propiedad de Luis Bevilacqua. Explicaron que los restaurantes ubicados en San Juan y Hato Rey habían sido remodelados por ellos, mientras que el restaurante localizado en San Patricio, el cual fue el único embargado en su totalidad, era un establecimiento totalmente nuevo adquirido por ellos. Alegaron que desde su primera comparecencia ante el TPI habían solicitado que se dejara sin efecto el embargo efectuado con relación a sus bienes, pues nunca fueron traídos al pleito como tampoco tuvieron la oportunidad de ser oídos en el proceso.
De otra parte, los peticionarios expusieron que la cantidad reservada de cincuenta mil dólares ($50,000.00) en aseguramiento de deuda, según dispone el contrato de compraventa, era para el pago de unas deudas incluidas alegadamente en los anejos de inventario y pasivos (Exhibit II y Ht) que se hicieron formar parte del referido contrato. Explicaron que dichos anejos detallaban los bienes muebles que se adquirieron de los locales de Hato Rey y San Juan, cuyo valor ascendía a doscientos dieciocho mil cuatrocientos ochenta y cinco dólares ($218,485.00). También, explicaron que los anejos desglosaban las deudas aseguradas con los cincuenta mil dólares ($50,000.00) a los que hacía referencia el contrato de compraventa. Según los peticionarios, las deudas se habían estimado en la cantidad de cuarenta y nueve mil ochocientos sesenta y nueve dólares con once centavos ($49,869.11), por lo que alegan que no se comprometieron a pagar cualquiera otras deudas existentes o contraídas por Luis Bevilacqua. No obstante, en su escrito los peticionarios adujeron que le habían notificado a Luis Bevilacqua sobre la resolución del contrato de compraventa, por lo que ponían a la disposición de la recurrida los bienes que habían adquirido, que tenían un valor de más de cien mil dólares ($100,000.00), para que se ejecutara la sentencia y se liberara la fianza que éstos habían depositado en aseguramiento de sentencia. *536 Así pues, solicitaron que se dejara sin efecto el embargo ejecutado contra Yukiyu San Patricio, Inc.
Transcurridos otros trámites procesales interlocutorios, el 11 de febrero de 2004, notificada el 6 de mayo de 2004, el TPI emitió Orden en la que dispuso lo siguiente:

“EXAMINADOS LOS ESCRITOS DE LAS PARTES SE DECLARA NO HA LUGAR LA SENTENCIA SUMARIA DE LA PARTE INTERVENTORA TODA VEZ QUE EL TRIBUNAL TENGA JURISDICCIÓN."

Luego de algunos incidentes procesales, el 8 de marzo de 2004, notificada el 29 de marzo de 2004, el TPI emitió la siguiente Orden:

“Visto los autos del presente caso, se le ordena a la parte interventora Brasas Latin Grill & Bar, Inc., a pagar contra el crédito de Luis Bevilacqua y Restaurante Yukiyu que posee con Brasas Latin Grill & Bar, Inc. en virtud del contrato entre las partes hasta el límite de la deuda de diecisiete mil cuatrocientos cincuenta y dos dólares con ochentay tres centavos ($17,452.83), más cinco mil dólares ($5,000.00) en concepto de honorarios de abogados y los intereses acumulados por Sentencia al nueve punto cinco por ciento (9.5%) que se calculan al presente en siete mil setecientos veintiséis dólares con treinta y dos centavos ($7,726.32) para un total de treinta mil ciento setenta y nueve dólares con quince centavos ($30,179.15).

La parte interventora, si está en posesión de los bienes de los demandados originales y éstos exceden de la cantidad de cien mil dólares ($100,000.00), deberá vender éstos y satisfacer la cuantía líquida a la parte demandante, o sea, vendiendo los bienes que alega que posee del demandado original o mediante el depósito de cincuenta mil dólares ($50,000.00) en aceleramiento por deudas que surge del contrato entre la parte interventora o si es que existe fianza, depositada hasta la cuantía del total adeudado hasta el presente.

Se le concede el término de diez (10) días a la parte demandada para que cumpla con el pago de la Sentencia, los intereses y los honorarios adeudados para un total de treinta mil ciento setenta y nueve dólares con quince centavos ($30,179.15). ”

IV
Inconforme con el dictamen del TPI, el 28 de abril de 2004, los peticionarios presentaron el recurso de certiorari que nos ocupa y señalaron la comisión de los siguientes errores:

“Primer Error: Erró el Tribunal de Primera Instancia al no considerar mediante vista (sic) en sus méritos sobre todas las mociones, alegaciones y documentos presentados ante su consideración antes de ordenar a la parte peticionaria a pagar la deuda existente entre la parte demandante y la parte demandada.

Segundo Error: Erró el Tribunal de Primera Instancia al no determinar sobre la procedencia del embargo y la manera abusiva en que se efectuó por haber clausurado y embargado todos los restaurantes adquiridos por la parte peticionaria, incluyendo el adquirido con posterioridad a la compraventa de ciertos bienes muebles y derecho de autoría los cuales nunca formaron parte del pleito.

Tercer Error: Erró el Tribunal de Primera Instancia al no celebrar una vista evidenciara para determinar la extensión del contrato habido entre la parte peticionaria y el demandado.

Cuarto Error: Erró el Tribunal de Primera Instancia al no determinar si la parte peticionaria fue o no un adquiriente de un negocio en marcha lo cual requería que se hicieran las correspondientes alegaciones y la presentación de una demanda, enmendada y diligenciamiento del emplazamiento con copia de la demanda para que se le proveyera la oportunidad a la parte compareciente a refutar tales alegaciones como establece el debido proceso de ley.

*537
Quinto Error: Erró el Tribunal de Primera instancia al no resolver los planteamientos de falta de jurisdicción antes de determinar sobre la procedencia del embargo.

Sexto Error: Erró el Tribunal de Primera Instancia al no celebrar una vista evidenciaría para determinar si en efecto carecía de jurisdicción para hacer valer una sentencia en contra de los bienes de terceros que no fueron incluidos en la demanda y mucho menos fueron emplazados por la parte demandante lo que constituye una violación al debido proceso de ley. ”

y
En el caso de marras, el TPI emitió el 24 de octubre de 2001, Sentencia, en cobro de dinero, a favor de la recurrida y ordenó a Luis Bevilacqua y al Restaurante El Yukiyu, Inc. a pagarle la cantidad de diecisiete mil cuatrocientos cincuenta y dos dólares con ochenta y tres centavos ($17,452.83) más los intereses legales al nueve punto cinco por ciento (9.5%) desde la fecha de la presentación de la demanda, las costas, y cinco mil dólares ($5,000.00) por concepto de honorarios de abogados. Posteriormente, la recurrida le solicitó que expidiera mandamiento de ejecución de sentencia sobre los bienes de Luis Bevilacqua y el Restaurante El Yukiyu, Inc.
Posteriormente, el 16 de septiembre de 2002, el TPI ordenó que se expidiera el mandamiento de ejecución de sentencia. Así las cosas, se procedió a embargar los bienes que alegadamente pertenecían a Luis Bevilacqua y al Restaurante El Yukiyu, Inc. Entre éstos, quedó embargado el restaurante Yukiyu San Patricio, Inc.
Ante esta situación, los peticionarios presentaron ante el TPI un escrito intitulado “Solicitud de Levantamiento de Embargo o Reducción de Embargo y Entredicho Provisional”. En el mismo, señalaron que el 9 de julio de 2001, habían comprado a Luis Bevilacqua el derecho a utilizar el nombre registrado del Restaurante Yukiyu y algunos de sus bienes. Adujeron que la recurrida tenía conocimiento que Luis Bevilacqua había vendido algunos de sus bienes y, además, que los bienes embargados eran propiedad de un tercero que no había sido parte en el pleito de cobro de dinero.
Conforme a lo anterior, forzoso es colegir que lo que presentaron los peticionarios ante el TPI ciertamente fue una demanda de intervención. Sabido es que la Regla 21 de las de Procedimiento Civil, 32 L.P.R.A. Ap. DI, R. 21, establece el mecanismo procesal que reconoce la capacidad de una persona que no es parte en un procedimiento judicial a comparecer en el mismo, voluntariamente o por necesidad a presentar una reclamación de un asunto ya adjudicado, convirtiéndose, de tal manera, en parte de los procedimientos. No es sino hasta que el tribunal declara con lugar la solicitud de intervención que dicha persona adviene con legitimación para comparecer y actuar como parte en los procedimientos. En particular, la Regla 21.5 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 21.5, dispone sobre el derecho de intervención de terceros que reclaman bienes muebles o inmuebles embargados.
En el caso ante nos, la recurrida presentó Solicitud de Sentencia Sumaria en la que le solicitó al TPI que ordenara a los peticionarios a pagar, contra el crédito que Luis Bevilacqua y Restaurantes Yukiyu tenía con Brasas Latin Grill hasta el límite de la deuda o, en la alternativa con los cincuenta mil ($50,000.00) dólares en aseguramiento de deudas por pagar, que según el contrato de compraventa se apartó en aseguramiento de certificación o deudas del vendedor. Por su parte, los peticionarios presentaron Contestación y Solicitud de Sentencia Sumaria en la que alegaron, en lo pertinente, que el restaurante Yukiyu San Patricio, Inc. era un tercero que no poseía bienes de la recurrida. Que el local fue adquirido con posterioridad a la deuda de los restaurantes localizados en San Juan y Hato Rey. Además, explicaron que la cantidad reservada de cincuenta mil dólares ($50,000.00) en aseguramiento de deuda estaba destinada para el pago de otras determinadas deudas existentes de Luis Bevilacqua y no para el pago de esta deuda.
Así las cosas, el 11 de febrero de 2004, el TPI declaró “no ha lugar” la sentencia sumaria de los peticionarios. No obstante, el 8 de marzo de 2004, emitió una orden en la que concedió el remedio solicitado por la recurrida en *538 su solicitud de sentencia sumaria. Es decir, ordenó a Brasas Latín Grill & Bar, Inc. pagarle a la recurrida, contra el crédito habido con Luis Bevilacqua y Restaurante El Yukiyu, Inc. hasta el límite de la deuda, honorarios de abogados y los intereses acumulados por Sentencia. Dispuso que en el caso de que Brasas Latin Grill & Bar, Inc. estuviera en posesión de los bienes de Luis Bevilacqua y Restaurante El Yukiyu, Inc. y éstos excedieran la cantidad de cien mil dólares ($100,000.00) debería venderlos y satisfacer la cuantía líquida a la recurrida, o depositando los cincuenta mil dólares ($50,000.00) en aceleramiento por deudas que alegadamente disponía el contrato de compraventa, o de existir fianza depositada hasta la cantidad del total adeudado.
En su escrito, los peticionarios señalaron en esencia que el TPI incidió al resolver las controversias en el caso sin la celebración de una vista evidenciaría.
Como es sabido, la sentencia sumaria es un mecanismo procesal que confiere al juzgador discreción para dictar sentencia sin necesidad de celebrar vista evidenciaría. Regla 36.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3.; Pérez v. El Vocero de P.R., 149 D.P.R. 427, 444-445 (1999). El tribunal, en el ejercicio de su discreción, puede dictarla sobre la totalidad de una reclamación o sobre cualquier controversia comprendida en ella, cuando de los documentos admisibles en evidencia que se acompañan con la solicitud o que obran en el expediente del tribunal surge que no existe una legítima disputa de hechos que tenga que ser dirimida en vista evidenciaría y que sólo resta aplicar el derecho. Id.
El tribunal, en el ejercicio de su discreción, puede dictarla sobre la totalidad de una reclamación o sobre cualquier controversia comprendida en ella, cuando de los documentos admisibles en evidencia que se acompañan con la solicitud o que obran en el expediente del tribunal, surge que no existe una legítima disputa de hechos que tenga que ser dirimida en vista evidenciaría y que sólo resta aplicar el derecho. Id.
Al resolver una moción de sentencia sumaria, todas las inferencias que puedan surgir de los hechos expuestos en los documentos en autos deben hacerse desde el punto de vista más favorable al que se opone a la moción y toda duda sobre si hay hechos relevantes en controversia debe resolverse contra la parte que solicita la sentencia sumaria. Bonilla Medina v. P.N.P., 140 D.P.R. 294, 304 (1996). Así pues, de ordinario, si existen dudas sobre la procedencia de la misma, el tribunal debe brindar a las partes la oportunidad de una vista evidenciaría.
Ciertamente, en el presente caso existen controversias de hechos esenciales en cuanto a la responsabilidad de los peticionarios quienes alegan no ser deudores de la recurrida, debido a que el Restaurante Yukiyu San Patricio, Inc. era un negocio nuevo establecido luego de la obligación contraída por Luis Bevilacqua el Restaurante El Yukiyu Inc. Así mismo, existe controversia de hechos esenciales sobre los términos y alcance del contrato de compraventa suscrito entre Luis Bevilacqua y Brasas Latín Grill & Bar, Inc. en relación a la deuda declarada por sentencia. Siendo ello así, en el caso de autos, estas controversias de hechos materiales impedían emitir un dictamen sin la celebración de una vista evidenciaría. Por tanto, procede se devuelva el caso al Tribunal de Primera Instancia para que se celebre la referida vista.
VI
Por los fundamentos antes esbozados, se deja sin efecto la orden recurrida y se devuelve el caso al Tribunal de Primera Instancia para la celebración de una vista evidenciaría de forma consistente con lo aquí resuelto.
Lo acordó y manda este Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Laura M. Vélez Vélez
Secretaria Tribunal de Apelaciones